[L. A. No. 2419.  Department Two.—March 18, 1910.]

## JOHN A STUM, Appellant, v. L. F. HADRICH et al., Respondents.

PARTNERSHIP—AGREEMENT NOT EFFECTED—BUSINESS NOT LAUNCHED—RESCISSION OF PURCHASE—INTEREST NOT ACQUIRED.—Where defendant owned a catering business in which plaintiff was to be taken as a partner on purchase of a half interest, and the contract was to be evidenced by writing, which was never effected, and plaintiff tendered no written contract for execution and no final payment, and defendant rescinded the verbal agreement, and tendered back part purchase money paid, and the business was never launched, no partnership was established, and the plaintiff acquired no interest in defendant's business or in the stock, fixtures or good-will thereof.

ID.—EXCHANGE OF DEFENDANT'S BUSINESS FOR REAL ESTATE—UNTENABLE ACTION TO ENFORCE TRUST.—Where the defendant subsequently exchanged his catering business for real estate, the plaintiff having no interest in the business which was the consideration for the purchase, cannot maintain an action to enforce a trust in one half of the realty.

APPEAL from a judgment of the Superior Court of San Bernardino County.  Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Frank G. Bryant, for Appellant.

Wallace W. Wideman, and Frank Herald, for Respondents.

MELVIN, J.—Appeal from a judgment in favor of defendants.  In November, 1904, respondent Hadrich was the proprietor of a confectionery and catering business in Los Angeles.  The stock, fixtures, and good-will were worth eight

thousand dollars. Certain negotiations were had between Hadrich and Stum looking to a sale of a half interest in the business to the latter for five hundred dollars. Stum was an expert caterer, and it was understood in the discussions between him and Hadrich that if he purchased a half interest in the business at the sum named, he was to devote his entire time to the management of the establishment. Conversations were held at Hadrich's place of business and at that of one Sparks, in which it was arranged that Stum should pay fifty dollars at once, one hundred dollars within a day or two thereafter, and that he and Hadrich should obtain the remaining three hundred and fifty dollars of the purchase price from Sparks upon their joint note. This amount was to be repaid out of Stum's share of the profits of the business. Stum paid the fifty dollars and received from Hadrich the keys of the store and of the cash register, and, at the latter's request, wrote one letter, signing the name "Stum & Hadrich." This, and ordering the porter to clean up the store on one occasion, seem to have been the only services rendered by appellant. When he tendered one hundred dollars, two days after his payment of fifty dollars, Hadrich refused to accept it and repudiated the sale. Subsequently, through his attorney, Hadrich offered to return the fifty dollars, but, as the tender was refused, he paid that sum into court for the use of plaintiff. Stum testified at the trial: "It was agreed between Hadrich and me that the sale should be evidenced by an agreement or contract in writing. This was never done; when we went up to see Wideman (the attorney who prepared the bill of sale) about the contract, I would not sign it as prepared, and left them. Thereafter on the same day, I tendered the $100.00 as herein above stated."

About half a year following the transactions between Stum and Hadrich, the latter exchanged his business for the property in San Bernardino County in which appellant claims an interest. It was alleged in the complaint that appellant, by reason of ownership of a half interest in the business formerly conducted by Hadrich, was entitled to an undivided half interest in the real property obtained by Hadrich in exchange for the stock, fixtures, and good-will of his store in Los Angeles. The other defendants are sued as trustees, alleged to be holders of the title to a portion of this land who had taken their

respective parcels of the property fraudulently and with full knowledge of Stum's equities.

Although the contract of copartnership was to be the final agreement within which all of the oral negotiations were to be gathered and expressed, plaintiff did not, so far as the evidence shows, offer to defendant any such agreement for execution, nor did he tender a note to Hadrich for signature, nor in lieu thereof offer defendant three hundred and fifty dollars, the amount agreed upon according to his testimony as the final payment of the purchase price of the half interest in the business. He seems to have done nothing to consummate the proposed sale after Hadrich declined to proceed further with the matter. The testimony in his behalf failed utterly to show a completed sale of a half interest in the business, and, consequently, there is nothing on which to base a claim to a like interest in the property obtained in exchange for the store, fixtures, and good-will.

The judgment is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.